

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

KML/PL AGR
USAO# 2021R00770

**RECEIVED**

October 15, 2024

JAN 0 2 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

William J. Hughes, Esq.
Porzio, Bromberg & Newman, P.C.
17 East 8th Street
Ocean City, New Jersey 08226-3737

Re:   Plea Agreement with DARREN MCCLAVE    25-cr-1 (ZNQ)

Dear Mr. Hughes:

This letter sets forth the plea agreement between your client, DARREN MCCLAVE ("MCCLAVE"), and the United States Attorney for the District of New Jersey and the Environmental Crimes Section of the U.S. Department of Justice (collectively, the "United States"). This offer will expire on October 30, 2024, if it is not accepted in writing by that date. If MCCLAVE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the United States' investigation.

Charge

Conditioned on the understandings specified below, the United States will accept a guilty plea from MCCLAVE to a one-count Information, charging him with conspiracy to falsify records, namely, Fishing Vessel Trip Reports and Dealer Reports, with the intent to impede and obstruct the proper administration of a matter within the jurisdiction of the National Oceanic and Atmospheric Administration (NOAA), from at least as early as in or about October 2017 to on or about April 5, 2021, contrary to 18 U.S.C. § 1519, in violation of 18 U.S.C. § 371. If MCCLAVE enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, the United States will not initiate any further criminal charges against MCCLAVE for falsifying, or conspiring to falsify, Fishing Vessel Trip Reports and Dealer Reports for submission to NOAA from at least as early as in or about October 2017 to on or about April 5, 2021.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the United States may reinstate any dismissed charges and

initiate any other charges against MCCLAVE even if the applicable statute of limitations period for those charges expires after MCCLAVE signs this agreement, and MCCLAVE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which MCCLAVE agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MCCLAVE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MCCLAVE ultimately will receive.

Further, in addition to imposing any other penalty on MCCLAVE, the sentencing judge as part of the sentence:

(1)  will order MCCLAVE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  may order MCCLAVE to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)  pursuant to 18 U.S.C. § 3583, may require MCCLAVE to serve a term of supervised release of three years, which will begin at the expiration of any term of imprisonment imposed. Should MCCLAVE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MCCLAVE may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of the United States Regarding Sentencing

Except as otherwise provided in this agreement, the United States may take any position with respect to the appropriate sentence to be imposed on MCCLAVE by the sentencing judge. The United States may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the United States may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MCCLAVE's activities and relevant conduct with respect to this case.

Stipulations

The United States and MCCLAVE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the United States. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the United States and MCCLAVE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

MCCLAVE understands that, if MCCLAVE is not a citizen of the United States, MCCLAVE's guilty plea to the charged offense will likely result in MCCLAVE being subject to immigration proceedings and removed from the United States by making MCCLAVE deportable, excludable, or inadmissible, or ending MCCLAVE's naturalization. MCCLAVE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MCCLAVE wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause MCCLAVE's removal from the United States. MCCLAVE understands that MCCLAVE is bound by this guilty plea regardless of any immigration consequences. Accordingly, MCCLAVE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. MCCLAVE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

As specified in numbered paragraph 8 of Schedule A, the parties agree to jointly recommend that the Court impose, as a special condition of any term of probation or supervised release, that the defendant be subject to limitations regarding commercial fishing activity during any probationary or supervised release term imposed by the Court.

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Environmental Crimes Section of the U.S. Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, the United States will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MCCLAVE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MCCLAVE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between MCCLAVE and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER  
United States Attorney  
District of New Jersey

TODD KIM  
Assistant Attorney General  
Environment and Natural  
 Resources Division  
U.S. Department of Justice

By: *Kelly Lyons*  
Kelly M. Lyons  
Assistant United States Attorney

By: */s/ Christopher Hale*  
Christopher Hale  
Trial Attorney

APPROVED:

*Benjamin Levin* (signature)

---

Benjamin Levin  
Chief, General Crimes Unit

I have received this letter from my attorney, William J. Hughes, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 10/18/2024
Darren McClave


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:     10/29/2024
William J. Hughes, Esq.
Counsel for Defendant

Plea Agreement With DARREN MCCLAVE ("MCCLAVE")

Schedule A

1.      The United States and MCCLAVE recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2J1.2. This guideline carries a Base Offense Level of 14.

4.      As of the date of this letter, MCCLAVE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MCCLAVE's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5.      If MCCLAVE establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 10; otherwise MCCLAVE's total Guidelines offense level will be 12 (the "Total Offense Level").

6.      Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

8.      As a special condition of supervised release or probation, whichever applies, the defendant agrees to be subject to the following during any such term of supervised release or probation:

>   (a) The defendant is prohibited from holding and seeking a NOAA Operator Permit;
>
>   (b) The defendant is prohibited from completing and being in an employment or legal position to complete a Fishing Vessel Trip Report;
>
>   (c) The defendant is prohibited from obtaining or holding any commercial fishing permit, or having an ownership interest in a commercial fishing vessel or permit; and

- 7 -

(d) The defendant shall comply with all applicable fishing regulations.

9.  If the term of imprisonment does not exceed 16 months, and except as specified in the next paragraph below, MCCLAVE will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 6 months, the United States will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).